**Ai Zheng CHEN, Petitioner,**

v.

**Peter D. KEISLER,[1] Respondent.**

**No. 06–5186–ag.**

United States Court of Appeals,
Second Circuit.

Nov. 9, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Pe-

ter D. Keisler is automatically substituted for

Lee Ruther (Michael Brown, on the brief), New York, NY, for Petitioner.

Jonathan Robbins (R. Alexander Acosta, United States Attorney, Anne R. Schultz, Chief, Appellate Division, Laura Thomas Rivero, Kathleen M. Salyer, Assistant United States Attorneys, Miami, FL, on the brief), U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

Present PIERRE N. LEVAL, SONIA SOTOMAYOR and BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

Ai Zheng Chen, a citizen of China, petitions for review of the October 18, 2006 decision of the BIA denying Chen's motion to reconsider its July 27, 2006 decision. *In re Ai Zheng Chen,* No. A77–174–595 (B.I.A. Oct. 18, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). "A motion for reconsideration is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam) (internal quotation marks omitted).

On appeal from the IJ's denial of the motion to reopen, the BIA concluded that Chen did not demonstrate due diligence in pursuing his claim for the period he seeks to have tolled, because he should have taken action sometime between the summer of 2000, when he testified to being dissatisfied with his attorney, Joseph F. Muto, and November of 2001, when he hired a new attorney. The BIA, however, did not consider that during this entire period, Chen's appeal from the denial of his first motion to reopen was pending before it. Chen therefore had no reason

former Attorney General John Ashcroft as the respondent in this case.

**860**

to know that Muto's representation had finally prejudiced him until the BIA denied his appeal in February 2002. In addition, Chen testified, and the IJ did not discredit, that he repeatedly stopped by Muto's office to inquire about the status of his appeal and to obtain his file prior to retaining new counsel. After November 2001, well before the BIA issued its final decision on the appeal, newly retained counsel showed no lack of diligence in filing two requests for Chen's file under the Freedom of Information Act, and then filing a motion to reopen based on ineffective assistance of counsel less than two months after he received Chen's file, which provided their first notice of the BIA's February 2002 decision. Even though the BIA concluded that the motion to reopen based on ineffective assistance of counsel should have been filed with the IJ, the BIA did not issue that decision until November 2002. In January 2003, Chen's new attorney filed the motion to reopen based on ineffective assistance with the IJ as instructed. Given this series of actions in pursuit of Chen's application, the BIA's conclusion that Chen failed to demonstrate due diligence was legally erroneous, and its denial of the motion to reconsider this holding was not a proper exercise of discretion.

For the foregoing reasons, the petition for review is GRANTED, and the case is REMANDED to the BIA for further consideration in accordance with this order. The pending motion for a stay of removal in this petition is DISMISSED as moot.